FRAGOSO, PLAINTIFF AND APPELLEE, v. MARXUACH, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Annulment of Mortgage and Cancelation of Record.— Memorandum of Costs.

No. 2955.—Decided January 25, 1924.

COSTS—ATTORNEY'S FEES—DISCRETION OF COURT.—Since 1908, when the Legislature amended section 327 of the Code of Civil Procedure, the allowance of costs includes attorney's fees unless they are expressly excluded in the judgment, and the court has discretion to determine what is a reasonable amount for attorney's fees.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the appellant.
*Mr. E. H. F. Dottin* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The only question to be decided in this appeal is whether or not an allowance of costs includes attorney's fees. This court has decided repeatedly that it does; therefore, the present appeal could be disposed of without an opinion and merely by citing the authorities. However, the appellant's attorney has made such an exhaustive and careful study of the matter that we consider it our duty to review it and express our opinion again.

The judgment contains the following: "The costs are imposed upon the defendant." When the judgment became final the plaintiff filed his memorandum of costs containing these items: "Clerk's fees, $5.00; Attorney's fees, $500.00." The defendant opposed the memorandum on the ground, among others, that the amount claimed was not reasonable. The court held that the attorney's fees were included in the costs and fixed their amount at $100. Thereupon the defendant took this appeal and assigned in his brief only the following error:

"The court erred in allowing the attorney's fees to be included

in the memorandum of costs in the absence of any declaration in the judgment that the defendant-appellant should pay attorney's fees."

In arguing this assignment the appellant reviewed the different laws that have been in force in Porto Rico in regard to the imposition of "costs." He admits that prior to the year 1904 the established practice was followed of including the attorney's fees in the costs. He calls attention to the fact that the spirit of the new Code of Civil Procedure of Porto Rico was entirely contrary to that practice and eliminated the attorney's fees from the costs, leaving that matter to the express or implied agreement of the parties. He analyzes the Act of 1908 regarding costs and the construction given to it by this Supreme Court in the case of *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738, and maintains that the amendment of November 19, 1917, did not change in any manner the provisions of the said act upon which that decision was based.

On these premises the appellant alleges that the doctrine laid down in the case of *Brac* v. *Ojeda,* 27 P. R. R. 605, which was explained and ratified in the case of *Ramírez* v. *American Railroad Co.,* 28 P. R. R. 168, and applied in the cases of *López* v. *Central Vannina,* 28 P. R. R. 125, *Zorrilla* v. *Orestes,* 28 P. R. R. 689, and others, is erroneous and should be reversed, leaving in force that established in the case of *Veve* v. *Municipality of Fajardo, supra.*

The main contention of the appellant is, as we have indicated, that the amendment of 1917 did not change the Act of 1908 and left the costs, disbursements and attorney's fees as separate and distinct matters requiring an express declaration in the judgment in order to bind the party defeated to their payment, and that as the decision in the case of *Brac* v. *Ojeda, supra,* was based on a change of the law, if there was no such change the doctrine necessarily falls and that fact should be recognized by this court.

As regards the *Ramírez Case, supra,* the appellant re-

views it in all of its details and contends that if, in order to leave undisturbed the decision in the *Brac Case, supra,* this court based the former decision on the fact that by virtue of the latter a rule of procedure had been established that should continue in effect, the court went beyond its field of action and encroached upon the legislative power, an ciici which should be corrected now that its attention is called to it.

Leaving aside all that has been said and taking up the law alone as if it were to be construed for the first time, we believe that the conclusion reached in the cases of *Brac v. Ojeda* and *Ramírez v. American R. R. Co.* is correct and just.

The Act in force since 1917 reads as follows:

"Section 1.—That section 327 of the Code of Civil Procedure is hereby amended so as to read as follows:

" 'Section 327.—Parties to actions or proceedings, including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

" 'In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered.' " Acts of 1917, Vol. I, p. 207.

The statute first establishes the right of the parties to "costs and expenses" in accordance with the rules thereinafter provided. And in those rules it is said that *in all cases where costs have been allowed to one party, said party shall, in the discretion of the court, be entitled to receive attorney's fees from the defeated party.* Mention is then

made of *attorney's fees to be included in costs.* The only thing that creates doubt is the use of the words "fees and costs" as separate matters in the final proviso of the second paragraph of the section. But that doubt is not sufficiently strong to compel a construction requiring a separate and distinct. allowance.

The wording of the other amendment contained in Act No. 15 of November 19, 1917, the only act cited in the opinion delivered in *Brac* v. *Ojeda, supra,* strengthens the conclusion that we have reached. In the opinion in the case of *Ramírez* v. *American R. R. Co.* the two amendments of 1917, that is, that of section 327 of the Code of Civil Procedure by Act No. 38 of April 12, 1917, and that of section 339 of the Code of Civil Procedure by Act No. 15 of November 19, 1917, are inserted in full and discussed.

In 1908 the Legislature repealed the provision of the Code of 1904 and declared that the attorney's fees should be included in the costs. In 1917 it ratified that rule and made it clearer in certain respects. Admitting that the Act of 1908 was not changed by the amendments of 1917 as regards its provisions that served as a basis for the decision of this court in *Veve* v. *Municipality of Fajardo, supra,* yet if by reason of the second amendment of 1917 this court, in a new case, more carefully considered the exact wording of the statute, it could reach a conclusion contrary to that established in the *Veve Case,* that decision being expressly or impliedly reversed. The doctrine of the *Brac Case,* as explained and established in the *Ramírez Case,* is the expression of the last opinion of the court. The court's attention was given to the language of the statute. Whether or not the statute had been changed was unimportant. The important thing was and is whether the act itself supports the last interpretation of the court, and in our opinion it does.

For the foregoing reasons this court reaffirms its opinion as expressed in the syllabus of the case of *Ramirez* v. *American R. R. Co.,* 28 P. R. R. 169, as follows:

"In accordance with the doctrine laid down in *Brac* v *Ojeda,* 27 P. R. R., p. 605, when costs are awarded they necessarily include some attorney fees, unless such fees are expressly excluded when the judgment is rendered. In other words, if the district court thinks that the prevailing party is not entitled to fees but is entitled to costs, the judgment should expressly so state; and after having awarded the costs in the judgment without excluding the fees, the district court, in accordance with the provisions of section 327, still has discretion as to the amount of fees to be awarded the successful party to represent the value of the services of his attorney or a part of such value."

It is a fact to which attention has been called in many cases that large sums of money are being claimed in the courts for attorney's fees and that there is no clear and exact rule for determining the amount.

If the intention of the Legislature and the jurisprudence of this court be carefully considered and applied in their proper spirit, it will be found that there is such a rule. The statute declares the right to recover attorney's fees. The amount is left to the discretion of the court. That discretion is very broad, for the court is not bound to allow the amount actually paid for attorney's fees by the winning party, but the amount representing the value of the services, and in some cases not even all of that, but only a part of it. Hence, all depends upon whether the litigants know how to present the facts of their case to the court and whether the court, with a disposition to impart justice, weighs the said facts and decides correctly in each particular case.

The appeal must be dismissed and the order appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.